09-3885-ag
Lin v. Holder

BIA
A073 134 426

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

CHENG LIANG LIN, a.k.a. ZHI YONG WANG,
> _____*Petitioner*,

> v.                                        09-3885-ag
>                                           NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Mary Jane Candaux,
                       Assistant Director, Edward E.
                       Wiggers, Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department

**of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Cheng Liang Lin, a native and citizen of the People's Republic of China, seeks review of an August 27, 2009, order of the BIA denying his motion to reopen his removal proceedings. *In re Cheng Liang Lin*, No. A073 134 426 (B.I.A. Aug. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA properly denied Lin's motion to reopen as untimely and number-barred because he filed it almost eight years after his April 2001 final order of removal and it was the second such motion he had filed. *See id.*; 8 C.F.R. § 1003.2(c)(2).

The 90-day filing deadline and numerical limitation may

be excused if the alien can establish "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably concluded, however, that Lin had shown only that his personal circumstances had changed. *See Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008).

To the extent Lin bases his motion to reopen on his original asylum claim – his general practice of Christianity – Lin failed to point to evidence demonstrating a *material* change in China's policies toward Christians since the time of the merits hearing. The BIA, citing to *Matter of S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007), also did not abuse its discretion in concluding that Lin failed to establish his eligibility for relief in light of his failure to rebut the IJ's underlying adverse credibility determination. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (per curiam) (finding that the BIA did not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion related to the same claim the agency found not

3

credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (relying on the doctrine *falsus in uno, falsus in omnibus* to conclude that the agency may decline to credit documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).  Thus, substantial evidence supports the BIA's conclusion that Lin failed to establish changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(2); (c)(3)(ii); *see also Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that Lin submitted.  Although the agency has an obligation to consider all evidence relevant to an applicant's claim, it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner."  *Shao*, 546 F.3d at 169 (internal quotation marks omitted).  Here, given the BIA's references to the documentation submitted with the motion to reopen, there is no basis in the record to suggest that the BIA failed to consider the evidence.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk